**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
AIRES DA GRACA,                )
                               )
          Petitioner,          )
                               )   Civil Action
v.                             )   No. 20-cv-10849-PBS
                               )
STEVEN J. SOUZA, Superintendent,)
Bristol County House of Corrections,)
                               )
                               )
          Respondent.          )
_____)
```

**MEMORANDUM AND ORDER**

May 22, 2020

Saris, D.J.

**INTRODUCTION**

Petitioner Aires Da Graca brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in Reid v. Donelan, 390 F. Supp. 3d 201 (D. Mass. 2019). Da Graca argues that his mandatory detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged and that he is entitled to a bond hearing before an immigration judge.

For the reasons stated below, the Court hereby **ALLOWS** the petition (Docket No. 1) and **ORDERS** that Da Graca receive, within ten calendar days, a bond hearing that complies with the requirements of the permanent injunction in Reid.

1

.

**LEGAL STANDARDS**

Under 8 U.S.C. § 1226(c), the Government "shall take into custody" any noncitizen who is inadmissible or deportable based on a conviction for "certain crimes of moral turpitude, controlled substance offenses, aggravated felonies, firearm offenses, or acts associated with terrorism." Reid, 390 F. Supp. 3d at 213 (quoting 8 U.S.C. § 1226(c)(1); Gordon v. Lynch, 842 F.3d 66, 67 n.1 (1st Cir. 2016)). The statute does not allow for conditional release on bond, except in the limited circumstance of witness protection. See 8 U.S.C. § 1226(c)(2).

Nonetheless, "mandatory detention under § 1226(c) without a bond hearing violates due process when an alien's individual circumstances render the detention unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

In Reid v. Donelan, this Court certified a class of "[a]ll individuals who are or will be detained within the Commonwealth of Massachusetts or the State of New Hampshire pursuant to 8 U.S.C. § 1226(c) for over six months and have not been afforded an individualized bond or reasonableness hearing." No. 13-30125-PBS, 2018 WL 5269992, at *8 (D. Mass. Oct. 23, 2018). Pursuant to this Court's subsequent declaratory judgment, any member of the Reid class may "bring a habeas petition in federal court to

2

challenge his detention as unreasonably prolonged." Reid, 390 F. Supp. 3d at 227.

The reasonableness of a petitioner's continued detention without a bond hearing under § 1226(c) must be analyzed on a case-by-case basis. See id. at 219. The following nonexclusive factors are relevant in determining the reasonableness of continued mandatory detention:

> [T]he total length of the detention; the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); the period of the detention compared to the criminal sentence; the promptness (or delay) of the immigration authorities or the detainee; and the likelihood that the proceedings will culminate in a final removal order.

Id. (citation omitted).

Of these factors, the length of the petitioner's detention is "the most important." Id. Mandatory detention is "likely to be unreasonable if it lasts for more than one year during removal proceedings before the agency, excluding any delays due to the alien's dilatory tactics." Id. Detention of less than one year may be unreasonable "if the Government unreasonably delays or the case languishes on a docket." Id. at 220.

If a petitioner's mandatory detention has been unreasonably prolonged, the petitioner "is entitled to a bond hearing before an immigration judge." Id. At that hearing,

> [T]he Government [must] prove that the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence. The immigration

3

> court may not impose excessive bail, must evaluate the
> alien's ability to pay in setting bond, and must consider
> alternative conditions of release such as GPS monitoring
> that reasonably assure the safety of the community and the
> alien's future appearances.

Id. at 228.

**FACTS**

I. **Legal Status and Criminal History**

Da Graca is a citizen of Cape Verde. He entered the United States legally on July 20, 1989 at the age of thirteen. His mother, grandparents, brothers, girlfriend of twelve years, and three children, with whom he has close relationships, are all U.S. citizens living in the United States.

Da Graca's criminal history dates back to 1996 and includes convictions for driving with a suspended license, larceny under $500, receiving stolen goods, driving under the influence, domestic violence – disorderly, willful trespass and simple assault. Da Graca was not sentenced to any time committed for his convictions.

On September 26, 2016, Da Graca was convicted of driving a motor vehicle without the consent of the owner, maintaining a common nuisance, and disorderly conduct. He was sentenced to five years suspended and five years probation. On June 5, 2019, he was found to have violated the terms of his probation and was sentenced to serve six months in prison, retroactive to April 27, 2019. After serving just under five months for his probation

violation, he was released on September 16, 2019 and immediately taken into the custody of Immigration and Customs Enforcement ("ICE").

## II. **Immigration Detention and Proceedings**

Da Graca has been held in immigration detention since September 16, 2019. His first detained hearing was held on October 9, 2019, at which Da Graca was granted a short continuance to find an attorney. At his hearing less than two weeks later, Da Graca was granted another short continuance in order to submit pleadings and applications for relief.

On November 7, 2019, Da Graca filed written pleadings wherein he denied the charge of removability and submitted an application for relief from removal. After hearing arguments, the Immigration Judge ("IJ") determined that ICE had met its burden to show that Da Graca was removable as charged based on his 2016 aggravated felony conviction. The IJ concluded that Da Graca was not eligible for the relief he sought. Da Graca then requested and was granted an additional two-week continuance to determine if he would file any other applications for relief.

On November 21, 2019, Da Graca requested a merits hearing on removability, which was granted. The IJ held a merits hearing on December 12, 2019 after which the IJ issued an oral decision reaffirming his November 7, 2019 finding that Da Graca was removable for having been convicted of an aggravated felony and

was therefore ineligible for the relief he sought. Accordingly, the IJ ordered Da Graca removed to Cape Verde. Da Graca reserved appeal of that decision.

On January 10, 2020, Da Graca filed a notice of appeal with the Bureau of Immigration Appeals ("BIA"). Da Graca sought and received an extension of time to submit his brief until April 21, 2020, which he then did.

On May 6, 2020, ICE filed a motion to expedite the adjudication of the appeal with the BIA. The appeal remains pending. The Court is not aware that a briefing schedule has been set.

## DISCUSSION

Da Graca argues he is entitled to a bond hearing before an immigration judge because his mandatory detention is "unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

### I. Length of Detention

The length of a petitioner's mandatory detention is "the most important factor" in determining its reasonableness. Id. Detention of over a year is "likely to be unreasonable," but "[p]eriods of detention directly attributable to an alien's dilatory tactics should not count in determining whether detention has exceeded the one-year mark." Id. at 219-20. The

Court begins by determining whether Petitioner's detention has exceeded the one-year mark.

Here, Da Graca has been detained since September 16, 2019, 2019, just over eight months ago. Although Da Graca has not engaged in dilatory tactics, his detention has not exceeded the one-year mark. He is not entitled to a presumption of unreasonableness at this time.

**II.   Other Relevant Factors**

In assessing the reasonableness of Da Graca's mandatory detention, the Court also considers "[1] the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); [2] the period of the detention compared to the criminal sentence; . . . and [3] the likelihood that the proceedings will culminate in a final removal order." Reid, 390 F. Supp. 3d at 219 (numbering added).

Weighing in Da Graca's favor is that his appeal before the BIA is at an early stage and unlikely to soon conclude, and that his eight months in immigration detention exceed the less than five months he spent in criminal incarceration.[1] Weighing against Da Graca is the fact that the case is moving forward and has not

---

[1] Da Graca correctly points out that this factor of the Reid analysis compares the period of ICE detention with the actual time spend in incarceration as a result of the underlying criminal conviction, not the length of a related suspended sentence.

languished on a docket. Complicating the analysis is Da Graca's likelihood of success on appeal.

The decisive issue in Da Graca's case before the IJ was whether Da Graca's 2016 conviction for use of a motor vehicle without the owner's consent qualified as a "theft offense" under the aggravated felony provision of 8 U.S.C. § 1101(a)(43)(G). The IJ relied on the BIA's interpretation of "theft offense" in In Re V-Z-S-, 22 I. & N. Dec. 1338 (BIA 2000) and concluded that Da Graca's conviction qualified as an aggravated felony. In In Re V-Z-S-, the BIA defined a "theft offense" as encompassing the "intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent." Id. at 1346. However, the BIA also emphasized that "[n]ot all takings of property . . . will meet this standard[,] because some takings entail a de minimis deprivation of ownership interests" and constitute only a "glorified borrowing" of property. Id. Although the First Circuit has held that a third-degree larceny conviction under Connecticut General Statutes qualifies as a "theft offense" citing In Re V-Z-S-, see De Lima v. Sessions, 867 F.3d 260, 267 (1st Cir. 2017), it has not considered whether a conviction for unauthorized use of a motor vehicle similarly qualifies as a "theft offense." By contrast, the Fourth and the Ninth Circuits have considered the question, and determined that a conviction for unauthorized use

of a motor vehicle does not qualify as a "theft offense." See Castillo v. Holder, 776 F.3d 262, 270 (4th Cir. 2015) (applying the categorical approach); Ulanday v. Holder, 326 F. App'x 438, 440 (9th Cir. 2009) (applying the modified categorical approach). Given these muddied waters, Da Graca has at least a colorable claim on appeal to the BIA and may succeed on the merits.

Thus this Court's decision comes down to Da Graca's argument that the current COVID-19 pandemic renders his continued detention without a bond hearing unreasonable under Reid. The Court may weigh the impact of COVID-19 in deciding whether the proceedings are unreasonably prolonged under the Due Process clause. Da Graca suffers from diabetes and has been recently diagnosed with a heart condition. These conditions place him at higher risk for severe illness due to COVID-19, as identified by the CDC. Da Graca is currently housed at Bristol County House of Corrections which has already experienced multiple cases of COVID-19. Due to Da Graca's documented vulnerabilities to this deadly virus and the confirmed presence of COVID-19 among detainees at Bristol County, the Court agrees that detaining him further without a bond hearing is excessive in relation to legitimate governmental objectives.

**CONCLUSION**

Da Graca's mandatory detention under 8 U.S.C. § 1226(c) has been unreasonably prolonged and Da Graca is therefore entitled to a bond hearing before an immigration judge. The petition for a writ of habeas corpus (Docket No. 1) is accordingly **ALLOWED**.

The Court **ORDERS** that Da Graca receive, within ten calendar days, a bond hearing that complies with the requirements of the permanent injunction in Reid v. Donelan, 390 F. Supp. 3d 201, 228 (D. Mass. 2019).

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge